UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

JAJUAN LEWIS,

    Plaintiff,

v().                                           Civil No. 1:13-CV-10384
                                            Honorable Thomas L. Ludington

REBECCA MCKAY, et al.

    Defendants.
_____/

**OPINION AND ORDER DISMISSING COMPLAINT IN PART,
STAYING PROCEEDINGS IN PART, DENYING WITHOUT PREJUDICE
APPLICATIONS TO PROCEED IN FORMA PAUPERIS AND
FOR APPOITNMENT OF COUNSEL**

Plaintiff Jajuan Lewis initiated this civil suit pursuant to 42 U.S.C. § 1983 to challenge the search and seizure that led to the pending criminal charge against him in another court. The Supreme Court instructs that in cases such as this a court should abstain from adjudicating the civil suit until the criminal case has been concluded. *Wallace v. Kato*, 549 U.S. 384, 393–94 (2007); *Heck v. Humphrey*, 512 U.S. 477, 487–88 n.8 (1994). Accordingly, until that criminal case is concluded, this case will not proceed.

**I**

This case and the criminal case both arise out of Detroit police officers executing a search warrant of Lewis's residence. In his bedroom, the officers allegedly found a loaded .38 caliber revolver. Lewis, a convicted felon, was prohibited from possessing firearms. 18 U.S.C. § 922(g)(1).

In early 2013, a single-count criminal complaint was sworn out against Lewis in the United States District Court for the Eastern District of Michigan, Southern Division, charging

him with being a felon in possession of a firearm. *See* Complaint, *United States v. Lewis*, No. 13-CR-20122 (E.D. Mich. Feb. 6, 2013).

About this time, Lewis filed the prisoner civil rights case in this Court. He names as defendants the Detroit police officers (identified and unidentified) who conducted the search; the Wayne County prosecutor, Megan Irving, who completed the affidavit in support of the search; and the Wayne County prosecutor's office that supervised Irving. Though not a model of pellucid pleading, the gravamen of the complaint appears to be that the search and seizure violated Lewis's Fourth Amendment rights.

When the case was filed, Lewis was confined at the Federal Correctional Institution in Milan, Michigan. A short time later, he was arraigned and released on bond. *See* Arraignment, *United States v. Lewis*, No. 13-CR-20122 (E.D. Mich. Mar. 5, 2013).

Returning to this Court, Lewis then filed applications for leave to proceed in forma pauperis and for appointment of counsel.

## II

Under the Prison Litigation Reform Act of 1996, a court is required to dismiss an in forma pauperis complaint before service on a defendant if, among other things, the complaint seeks monetary relief against a defendant who is immune from such relief or does not state a claim upon which relief can be granted. 28 U.S.C. § 1915(e)(2)(B)(ii)–(iii).

Pursuant to this section, Lewis's claims against Irving and the Wayne County prosecutor's office must be dismissed.

**A**

Though not immediately obvious from the text of the Eleventh Amendment,[1] for more than a century the Supreme Court "has drawn upon principles of sovereign immunity to construe the Amendment to establish that an unconsenting State is immune from suits brought in federal courts by her own citizens as well as by citizens of another state." *Port Authority Trans–Hudson Corp. v. Feeney*, 495 U.S. 299, 304 (1990) (internal quotation marks omitted) (quoting *Pennhurst State Sch. & Hosp. v. Halderman,* 465 U.S. 89, 100 (1984)).

The Eleventh Amendment thus bars suits against a state, its agencies, and its employees sued in their official capacities unless Congress abrogates that immunity or the state consents to the suit. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 66 (1989); *Colvin v. Caruso*, 605 F.3d 282, 289 (6th Cir. 2010) (citing *Cady v. Arenac Cnty.*, 574 F.3d 334, 344 (6th Cir. 2009)).

When Congress enacted § 1983, it did not abrogate Eleventh Amendment immunity. *Quern v. Jordan*, 440 U.S. 332, 341 (1979). And the State of Michigan has not consented to civil rights suits in federal court. *Abick v. Michigan*, 803 F.2d 874, 877 (6th Cir. 1986).

Michigan courts operate as arms of the state and are entitled to the same sovereign immunity as the State of Michigan. *Pucci v. Nineteenth Dist. Ct.*, 628 F.3d 752, 762–64 (6th Cir. 2010); *see also Chambers v. Michigan,* No. 10-12509, 2011 WL 940830, *3–4 (E.D. Mich. March 16, 2011). And this sovereign immunity extends to judges and prosecutors sued in their official capacities. *Pucci*, 628 F.3d at 764; *Cady*, 574 F.3d at 342–45.

Thus, Irving (in her official capacity) and the Wayne County prosecutor's office are entitled to Eleventh Amendment immunity.

---

[1] In full, the Eleventh Amendment provides: "The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. amend. XI; *see generally Kyles v. Michigan State Police*, 12-12026, 2012 WL 3779011, at *1–2 (E.D. Mich. Aug. 31, 2012) (discussing the text and the history of its interpretation).

**B**

Irving is also entitled to absolute immunity in her individual capacity. It is well-established that prosecutors are entitled to absolute immunity for conduct intimately associated with the judicial phase of the criminal process. *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976); *Higgason v. Stephens*, 288 F.3d 868, 878 (6th Cir. 2002); *see also Van de Kamp v. Goldstein*, 555 U.S. 335, 342–43 (2009).

This immunity covers a prosecutor's actions in preparing and filing charging documents, including requests for arrest warrants, *Kalina v. Fletcher*, 522 U.S. 118, 129 (1997), and the decision to file a criminal complaint, *Ireland v. Tunis*, 113 F.3d 1435, 1446 (6th Cir. 1997). It even applies when a prosecutor acts wrongfully or maliciously. *See, e.g., Grant v. Hollenbach*, 870 F.2d 1135, 1138 (6th Cir. 1989).

Lewis's claims against Irving and the Wayne County prosecutor's office will be dismissed.

**III**

Lewis's claims against the Detroit police officers (identified and unidentified), however, can be neither dismissed nor be permitted to proceed.

As noted, the Supreme Court instructs that a civil rights suit is not an appropriate device for challenging a potential future criminal conviction.

The explanation begins in *Heck v. Humphrey*, 512 U.S. 477 (1994), in which the Supreme Court established that § 1983 is not another form of habeas relief — that is, such "actions are not appropriate vehicles for challenging the validity of outstanding criminal judgments." *Id*. at 486. Thus, when a prisoner seeks damages in a § 1983 suit for an allegedly unconstitutional conviction or imprisonment, "the district court must consider whether a

judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence." *Id*.

> [I]f it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated. But if the district court determines that the plaintiff's action, even if successful, will *not* demonstrate the invalidity of any outstanding criminal judgment against the plaintiff, the action should be allowed to proceed, in the absence of some other bar to the suit.

*Id*. at 486–87 (footnote omitted) (emphasis in original). But, the Court noted in dictum, the rule precluding collateral attacks on criminal judgments via § 1983 actions is limited to just that — final judgments. It does not apply to pending criminal cases. Instead, a defendant "brings a federal civil-rights lawsuit during the pendency of his criminal trial, appeal, or . . . habeas action, abstention may be an appropriate response to the parallel . . . proceedings." *Id*. at 487–88 n.8 (citing *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800 (1976)).

Picking up this discussion in *Wallace v. Kato*, 549 U.S. 384 (2007), the Court rejected the assertion that based on *Heck* "an action which would impugn *an anticipated future conviction* cannot be brought until that conviction occurs and is set aside." *Id*. at 393 (emphasis in original). Writing for the Court, Justice Scalia explained:

> We are not disposed to embrace this bizarre extension of *Heck*. If a plaintiff files a false-arrest claim before he has been convicted (or files any other claim related to rulings that will likely be made in a pending or anticipated criminal trial), it is within the power of the district court, and in accord with common practice, to stay the civil action until the criminal case or the likelihood of a criminal case is ended. If the plaintiff is ultimately convicted, and if the stayed civil suit would impugn that conviction, *Heck* will require dismissal; otherwise, the civil action will proceed, absent some other bar to suit.

*Id*. at 393–94 (citations omitted) (citing *Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 730 (1996); *Heck*, 512 U.S. at 477–88 n.8); *see also Kucharski v. Leveille*, 526 F. Supp. 2d 768, 773– 75 (E.D. Mich. 2007) (Lawson, J.); *see generally* Rebecca Garibotto, Comment, *Section 1983*

*Claim Accrual Under Wallace v. Kato and the Need for Equitable Tolling*, 42 Seton Hall L. Rev. 1261 (2012).

Here, Lewis's § 1983 claims against the officers for Fourth Amendment violations are "related to rulings that will likely be made in a pending or anticipated criminal trial." *Wallace*, 549 U.S. at 393. In his complaint, for example, Lewis expressly asserts that he has filed a motion to suppress. In accord with common practice, the Court will therefore stay the civil action against the officers until the criminal case has ended.

The stay will remain in effect until the criminal proceeding is resolved, including expiration of the time to file any appeal. If an appeal is filed, the stay will remain in effect until the appeal process is resolved, including expiration of the time for filing a petition for writ of certiorari with the United States Supreme Court. And, for administrative purposes only, the case will be closed during the pendency of the stay.

At the time Plaintiff filed his complaint, he did not pay the required $350 filing fee, nor did he submit a proper application to proceed without prepayment of the filing fee. *See* 28 U.S.C. § 1915(a)(2); *McGore v. Wrigglesworth*, 114 F.3d 601, 605 (6th Cir. 1997). Consequently, on February 1, 2013, the Court issued a deficiency order requiring Plaintiff to either pay the filing fee or submit a properly completed application to proceed without prepayment of the fee. Plaintiff has since been released on bond. Currently before the Court is his application to proceed *in forma pauperis*. However, this application is deficient as well. Because the remaining claims in Plaintiff's complaint are being held in abeyance, this application will be denied without prejudice pending compliance with this order.

**IV**

Accordingly, it is **ORDERED** that the claims against Defendants Megan Irving and the Wayne County Prosecutor's Office are **DISMISSED WITH PREJUDICE**.

It is further **ORDERED** that the claims against the remaining are **STAYED** until Lewis's criminal case, *United States v. Lewis*, No. 13-CR-20122 (including any appeal therefrom), is resolved.

It is further **ORDERED** that Lewis must notify the Court in writing whether he seeks to reopen this matter within 30 days after the pending criminal proceeding (and any appeal therefrom) is resolved. The Court cautions Lewis that if he does not move to reopen this matter in a timely fashion, the Court may decline to reopen this matter and enter judgment against him.

It is further **ORDERED** that Clerk of the court is **DIRECTED** to administratively close this case.

It is further ORDERED that Lewis's application for leave to proceed in forma pauperis (ECF No. 10) is **DENIED WITHOUT PREJUDICE**.

It is further **ORDERED** that Lewis's application for appointment of counsel (ECF No. 11) is **DENIED WITHOUT PREJUDICE**.

                                       s/Thomas L. Ludington
                                       THOMAS L. LUDINGTON
                                       United States District Judge

Dated: June 4, 2013

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon Jajuan Lewis, 12880 Avondale, Apt 204, Detroit, MI 48226 on June 4, 2013
                         s/Tracy A. Jacobs
                         TRACY A. JACOBS